JUDICIAL PANEL
MULTIDISTRICT LITIGATION
FILED
SEP -7 1973
PATRICIA D. HOWARD
CLERK OF THE PANEL

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE BOISE CASCADE            )
SECURITIES LITIGATION          )          DOCKET NO. 128

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD*, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

     Three actions arising out of the 1969 merger of West Tacoma Newsprint Company into the Boise Cascade Corporation have been brought in the Western District of Washington and consolidated pursuant to an order of that court. Plaintiffs are former stockholders of West Tacoma Newsprint. They allege that Boise Cascade, Arthur Andersen & Company and individual officers and directors of Boise Cascade violated the federal securities laws in connection with the merger by furnishing false and misleading information concerning the financial condition of Boise Cascade. Pursuant to a separate and distinct merger agreement in 1969, Boise Cascade also acquired United Lumber Company, Wiles-Chapman Lumber Company and United Lumber and Hardware Company (hereinafter collectively referred to as United Lumber). Shareholders in the acquired corporations have brought an action in the Eastern District of Missouri against Boise Cascade, Arthur

---

\*    Although Judge Weinfeld was unable to attend the Panel hearing, he has, with the consent of all parties, participated in this decision.

Andersen and certain individual defendants alleging violations of the federal securities laws similar to those alleged in the Washington litigation. With the exception of four individual defendants, all of the defendants named in the action pending in Missouri are also defendants in the consolidated action in Washington.

Plaintiffs in the Missouri action move the Panel for an order transferring that action to the Western District of Washington under 28 U.S.C. §1407 for coordinated or consolidated pretrial proceedings. The Washington plaintiffs support the motion, but defendants oppose any transfer under Section 1407. We find that these actions involve common questions of fact and that transfer of the Missouri action to the Western District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

Plaintiffs assert that, notwithstanding the fact that different merger transactions are involved, each lawsuit raises common questions of fact concerning the truthfulness of facts contained in Boise Cascade's 1968 Annual Report and other financial statements prepared and certified by Arthur Andersen. And they point out that these documents were furnished to shareholders of both United Lumber and West Tacoma Newsprint in connection with the mergers. Plaintiffs argue that transfer will enable them to coordinate their discovery of defendants' documents and witnesses and will insure against the possibility of inconsistent pretrial rulings.

Defendants concede that certain common questions of fact

are raised by the lawsuits but argue that coordinated or consolidated pretrial proceedings pursuant to Section 1407 are not necessary. They point out that the mergers in question involve completely different companies and were consummated after negotiations between different groups of people. Defendants contend that, as a result, separate and distinct factual questions are involved with respect to the issues of misrepresentation and reliance raised by the different groups of shareholder-plaintiffs. Defendants suggest that voluntary coordination of the limited common discovery can be worked out and is a more suitable approach to the handling of this litigation than transfer under Section 1407.

Defendants' arguments are not persuasive. Plaintiffs' allegations of fraud and misrepresentation arise out of virtually the same documents used by Boise Cascade to induce plaintiffs to enter into the mergers. And in order to establish a violation of the federal securities laws, both groups of plaintiffs will be seeking the same documentary evidence and deposing many of the same witnesses. Furthermore, it appears that attempts to voluntarily coordinate the discovery have failed. Thus, only by placing both actions under the supervision of a single judge can we be assured that duplication of discovery and unnecessary expenditure of judicial time and energy will be avoided. In addition, transfer will eliminate the possibility of conflicting rulings regarding the confidentiality of trade secrets of Boise Cascade and auditing techniques of Arthur Andersen.

- 4 -

The Western District of Washington is clearly the most appropriate transferee forum for this litigation. Pretrial proceedings in the actions consolidated in that district are further advanced than those in the Missouri action. And the parties favoring transfer under Section 1407 agree that that district is more convenient for the majority of the parties and witnesses.

In the action pending in Missouri, Boise Cascade has filed a counterclaim against certain individual plaintiffs alleging violations of Rule 10(b)-5 in connection with the merger of United Lumber into Boise Cascade. All parties agree that the counterclaim does not involve questions of fact common to either the Missouri or Washington plaintiffs' claims against defendants. We find, therefore, that the counterclaim should be separated from the Missouri plaintiffs' complaint and remanded pursuant to Section 1407(a) to the Eastern District of Missouri for further proceedings.

IT IS THEREFORE ORDERED that the action listed on the attached Schedule A, pending in the Eastern District of Missouri, be, and the same hereby is, transferred to the Western District of Washington and, with the consent of that court, assigned to the Honorable Morell E. Sharp for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407 with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that defendant's counterclaim in the action on the attached Schedule A pending in the Eastern District of Missouri be, and the same hereby is, separated and remanded under Section 1407(a) to the Eastern District of Missouri for further proceedings.

| SCHEDULE A | DOCKET NO. 128 |

### EASTERN DISTRICT OF MISSOURI

| Joyce G. Lewin, et al. v. Boise Cascade, Corp., et al. | Civil Action No. 72C686(4) |

### WESTERN DISTRICT OF WASHINGTON

| The Tribune Publishing Co., etc. v. Boise Cascade Corp., et al. | Civil Action No. 402-72C2 |
| The Chronicle Publishing Co., etc. v. Boise Cascade Corp. | Civil Action No. 705-72C2 |
| McClatchy Newspapers, etc. v. Boise Cascade Corp., et al. | Civil Action No. 704-72C2 |